UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO MEDINA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OANDA CORPORATION, et al.,<br><br>　　　　Defendants. | Case No.  5:16-cv-02170-EJD<br><br>**ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. Nos. 18, 21 |

　　　　Plaintiff Antonia Medina ("Plaintiff") filed this action against OANDA Corporation in California Superior Court alleging breach of contract and other related claims arising under state law.  OANDA removed this action to federal court on diversity grounds, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).  See Dkt. No. 1.

　　　　Presently before the court is Plaintiff's Motion to Remand, as well as OANDA's Motion to Transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) and the terms of a mandatory forum selection clause contained in OANDA's customer agreement.[1]  Dkt. Nos. 18, 21.  Having carefully considered the relevant pleadings and papers submitted by both parties in this matter, the court DENIES Plaintiff's Motion to Remand and GRANTS OANDA's Motion to Transfer for the reasons explained briefly below.

**I.　BACKGROUND**

　　　　For the purposes of the motions presently pending before the court, the relevant factual and procedural background in this case is as follows:

---

[1] Defendant alternatively moves to dismiss Plaintiff's Amended Complaint under Federal Rules of Civil Procedure 12(b)(6).  Dkt. No. 21.

1

Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

OANDA is a foreign currency exchange company offering online currency exchange trading, foreign currency transfers, and currency services information. See Am. Compl. ("AC") ¶ 1, 4, Dkt. No. 15. OANDA is a corporation organized and existing under the laws of Delaware, with its principal place of business located in New York, New York. Decl. of Srivatsa Narasimha ("Narasimha Decl.") ¶¶ 5, 7-10, Dkt. No. 23-1, Exs. A and B. OANDA also has an office located in San Francisco, California. Id. ¶ 16; AC ¶ 1. However, OANDA's Executive Vice President and Chief Financial and Strategy Officer represents that OANDA considers New York, New York - not San Francisco, California - to be the company's headquarters. Narasimha Decl. ¶ 16.

Plaintiff is, and at all times relevant to this action was, a resident of Santa Clara County, California. AC ¶ 2. In August 2005, Plaintiff opened an account with OANDA's online platform and began using OANDA's currency conversion and trading services. Id. ¶ 4.

Plaintiff filed this action in California Superior Court on February 29, 2016, alleging breach of contract, false advertising, and other related state law claims arising from his use of OANDA's currency trading platform and services. See Dkt. No. 1-1. On April 22, 2016, OANDA removed the case to federal court on diversity grounds. Dkt. No. 1. On May 16, 2016, Plaintiff filed an Amended Complaint in which he added Edmond I. Eger, III ("Eger") – OANDA's Chief Executive Officer and a resident of San Francisco, California – as a defendant in this case. AC ¶ 1. Plaintiff then immediately sought to remand the case to superior court for lack of diversity jurisdiction, and requests costs and sanctions. See Dkt. No. 18 ("Remand Mot.").

## II.   LEGAL STANDARD

### A.   Removal Jurisdiction Pursuant to 28 U.S.C. § 1441

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

2

defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court."). Accordingly, the removal statute provides two ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."); Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### B. Transfer of Venue Pursuant to 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses and is otherwise "in the interest of justice." The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). To determine if transfer is appropriate, the court first examines whether the case could have been brought in the proposed transferee district. See Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). An action may be commenced in any district where the court has subject matter jurisdiction over the claims; personal jurisdiction over the defendant; and venue is proper. Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960). If the proposed district is a viable one, the court then goes through "individualized, case-by-case consideration of convenience and fairness" to determine whether

3

Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

such interests and the interest of justice favor transfer.  Van Dusen, 376 U.S. at 622.

A motion under § 1404(a) is also the proper vehicle to enforce a forum-selection clause. Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas, 134 S. Ct. 568, 579 (2013). While a court typically must weigh both private and public interest factors in deciding a motion to transfer, "when the parties' contract contains a valid forum-selection clause, that clause 'represents [their] agreement as to the most proper forum,'" and is generally given deference over other factors. Id. at 581. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion [to enforce a forum selection clause] be denied." Id.

### C. Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974).  The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." Id.  A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

## III. DISCUSSION

### A. Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction

Though initially filed in state court, OANDA removed this action to federal court under this court's diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).  Plaintiff now seeks to remand this case to superior court, arguing the parties are not diverse.  Diversity jurisdiction requires that all parties be in complete diversity and the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1); Matheson, 319 F.3d at 1090.  "Complete diversity" exists where no plaintiff is a citizen of the same state as any defendant to the case.  Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).

4

Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

Here, there is no dispute that the amount in controversy exceeds $75,000 and that Plaintiff is a citizen of California.  Instead, Plaintiff argues that diversity does not exist because (1) newly added defendant Edmond Eger is a resident of San Francisco, California; and (2) OANDA did not meet its burden to show that its principle place of business is New York, New York, as opposed to San Francisco, California as Plaintiff alleges.  See Remand Mot. at 1-2.  Each argument will be addressed in turn.

### i. Joinder of Defendant Eger

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a). However, "when a party attempts to amend a complaint in a manner that destroys a federal court's jurisdiction, [28 U.S.C.] § 1447(e) gives the court discretion to consider the propriety and fairness of allowing that amendment." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999); see also Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999) (explaining that "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court."). Under 28 U.S.C. § 1447(e), "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court."  It is therefore left to the discretion of the district court to determine whether to permit joinder of a diversity destroying defendant. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

When making the determination as to whether joinder should be permitted in such cases, courts consider a number of factors, including: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008,

5
Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

1011 (N.D. Cal. 2000); Neurospine v. Cigna Health & Life Ins. Co., 2016 WL 7242139, at *7 (N.D. Cal. 2016); see also McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 607 (S.D. Cal. 2014) ("[T]he majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment 'as a matter of course' to destroy diversity jurisdiction by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for amendment under § 1447(e).").

Based on a review of the record and the allegations asserted in this case, the court finds that, on balance, the relevant factors do not support permitting joinder of Eger.

### 1. Necessity of Defendant for Just Adjudication Under Rule 19

First, Eger is not a necessary defendant for "just adjudication" of this action. Rule 19 "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Fed. R. Civ. P. 19(a). Plaintiff seeks damages for the alleged financial losses he suffered in connection with his use of OANDA's foreign currency exchange services. The only party necessary to accomplishing that objective is OANDA. This factor does not support allowing joinder of a diversity destroying defendant.

### 2. Statute of Limitations

Second, as to any statute of limitations considerations, Plaintiff does not argue, nor is the court aware of any reason to believe, that a separate action against Eger would be time-barred in state court. Accordingly, this factor does not support allowing the amendment. See Clinco, 41 F. Supp. 2d at 1083; Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002)

### 3. Timeliness of Amendment

Third, Plaintiff filed his Amended Complaint approximately two and a half months after he filed his initial Complaint, and approximately three weeks after OANDA removed the case to federal court. "District courts within this Circuit have found amendment timely when a plaintiff amended its complaint 'less than three months after [plaintiffs] filed their original complaint in Superior Court, and less than a month after removal.'" Neurospine, 2016 WL 7242139, at *9

6
Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

(citing Boon, 229 F. Supp. 2d at 1023).  Under this standard, Plaintiff did not significantly or unreasonably delay in filing the Amended Complaint.   The general timeliness of the amendment sought thus weighs slightly in favor of permitting joinder.  See Boon, 229 F. Supp. 2d at 1023.

### 4. Motive for Joinder

Fourth, "the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Desert Empire Bank v. Ins. Co of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980).  The Ninth Circuit has instructed that "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court."  Id.  In considering motive for joinder, "courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint."  Neurospine, 2016 WL 7242139, at *10 (citing Forward-Rossi v. Jaguar Land Rover N. Am., LLC, 2016 WL 3396925, at *4 (C.D. Cal. 2016); Davoodi v. Affiliated Computer Servs., Inc., 2016 WL 94239, at *3 (C.D. Cal. 2016) (reasoning that "the fact that [a party] was joined to the complaint immediately after removal and without any substantial change in circumstances suggests an ulterior motive for [the party's] joinder," and concluding that the "amendment appear[ed] calculated to deprive the Court of subject matter jurisdiction.").

Here, the only substantive difference between the original Complaint and the Amended Complaint is the addition of Eger.  Plaintiff alleges:

> On December 18, 2014 defendant Ed Eger sent an email to Plaintiff stating that "We continually strive to give you transparent pricing with fast, reliable access to the markets, and free tools to help you make better-informed trading decisions. We're proud to be a global broker who can firmly stand behind this promise to you."

AC ¶ 5.  Plaintiff repeats this same allegation in paragraphs 8, 11, 18, 23, and 27, but makes no other specific factual allegations relevant to his claims.

The court notes that despite this information being known to Plaintiff when he filed his original Complaint, Eger's name is not mentioned in the original Complaint.  See Dkt. No. 1-1.  In

7

Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

evaluating motive, courts have considered whether a plaintiff has provided an explanation for why the allegations against the non-diverse defendant were not previously alleged. See Neurospine, 2016 WL 7242139, at *11 (presuming improper motive where the plaintiff failed to explain why it waited to bring claims against the non-diverse defendant until after the action was removed, and none of the factual allegations appeared to be in the exclusive control of defendants or otherwise unknown to plaintiff at the time the complaint was filed). Plaintiff has offered no explanation for why he only now seeks to join Eger as a defendant in this case.

Finally, Plaintiff was "aware of the removal" and the basis for it when he made the amendment, which courts have also found relevant to assessing a party's intent in joining a non-diverse party. See Clinco, 41 F. Supp. 2d at 1083; Boon, 229 F. Supp. 2d at 1024. The circumstances present in this case therefore suggest that Plaintiff's intent in joining Eger as a defendant in this action was likely "caused by the removal rather than an evolution of his case." Clinco, 41 F. Supp. 2d at 1083. Thus, this consideration weighs decidedly against permitting Plaintiff to join Eger as a defendant and thereby destroy diversity here.

### 5. Strength of Claims Asserted Against Joined Defendant

Fifth, as to the validity of the claims asserted against Eger, Plaintiff's allegations are questionable at best. As discussed above, all of Plaintiff's claims regarding Eger more or less arise from a single marketing email "signed" by Eger that Plaintiff received on December 18, 2014. See AC ¶¶ 5, 8, 11, 18, 23, 27. Plaintiff does not allege that he entered into a specific contract with Eger, nor does he plead any "special duty" existed between them. Based on the Amended Complaint's sparse factual allegations in this regard, Plaintiff's causes of action for breach of warranty, false advertising, breach of oral contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, fraud, and intentional infliction of emotional distress have little merit as to Eger. This factor further counsels against allowing joinder.

### 6. Prejudice to Plaintiff

Sixth and finally, there is nothing to suggest that Plaintiff will suffer any undue prejudice if the court chooses not to permit joinder of a diversity-destroying defendant. OANDA remains a

8

Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

party to the action and would be the primary source for recovery of any damages, regardless of whether Eger remained in the case. Additionally, the court notes that even if Eger is not joined in this action, Plaintiff may nevertheless depose him, use his testimony at trial, and even bring separate claims against him in state court. Boon, 229 F. Supp. 2d at 1025; Newcombe, 157 F.3d at 691. ("[Plaintiff] would not suffer undue prejudice because he could subpoena [the defendant he seeks to join] to testify at trial, and if he so chose, he could still proceed separately against [the defendant he seeks to join] in state court."). Thus, this factor does not support permitting joinder.

Having considered the relevant factors pursuant to § 1447(e), the court will exercise its discretion to not permit Plaintiff to amend his pleadings in order to join Eger as a defendant. Accordingly, Plaintiff's argument that the court lacks subject matter jurisdiction fails to the extent it is based on Eger's inclusion as a defendant to this action.

### ii. OANDA's Principle Place of Business

Plaintiff's second argument in support of his Motion to Remand is that OANDA did not satisfy its burden to show that its principle place of business is in New York, as opposed to California as Plaintiff contends. See Remand Mot. at 1-2.

As the party asserting federal jurisdiction, OANDA has the burden of establishing diversity. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."); Gaus, 980 F.2d at 566 ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotations omitted). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof," and justify jurisdictional allegations by a preponderance of the evidence. Hertz, 559 U.S. at 96-97 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); Gaus, 980 F.2d at 567.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The Supreme Court has instructed that a "principle place of business" is best read as

9

Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

"referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz, 559 U.S. at 92-93. It is the corporation's "nerve center," which the Court explained "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." Id. at 93.

Here, there appears to be no dispute that OANDA is incorporated in, and thus a citizen of, Delaware. See Narasimha Decl., Exs. A, B, and C. However, the parties disagree on where OANDA maintains its principal place of business. Plaintiff argues that OANDA's principle place of business is San Francisco, California because it is registered to conduct business with the California Secretary of State, and because the corporation's activity is "directed and coordinated" by its President and CEO (Edmond Eger), who is based in California. Remand Mot. at 2. Plaintiff asserts that OANDA's New York office is merely its "sales office," and contends that OANDA has failed to substantiate its claims that its New York location represents the company's principle place of business. Id.

OANDA contends that its principle place of business is New York, New York. In support of this, OANDA submits the declaration of its Executive Vice President and Chief Financial and Strategy Officer, Srivatsa Narasimha, as well as various other documents relevant to the inquiry. See Dkt. Nos. 23-1– 23-7. Mr. Narasimha's declaration provides, in relevant part, that he works at OANDA's New York office, where he regularly coordinates and directs the company's activities. Narasimha Decl. ¶ 2. Mr. Narasimha also explains that while OANDA does have a San Francisco office, that office is primarily focused on research and development, and OANDA officers do not direct, control, or coordinate the company's activities from there, nor do they consider it to be the company's headquarters. Id. ¶ 16.

OANDA then provides multiple records to corroborate the statements in Mr. Narasimha's declaration. First, OANDA submits the Certificate of Incorporation for OANDA Global, which states that OANDA's registered address is in New York, New York. Id. ¶ 8, Ex. A. Second, OANDA submits a "Certificate of Merger," the fifth paragraph of which identifies OANDA's

"principal place of business" as located at an address in New York, New York. Id. ¶ 9, Ex. B. And third, OANDA provides three examples of its agreements and contracts, which refer to OANDA's New York office as the company's headquarters; instruct customers and business partners to contact OANDA at its New York office; and identify New York, New York as the chosen forum for adjudication of disputes. Id. ¶¶ 12-15, Exs. D, E, and F.

These records present compelling evidence that OANDA's principle place or business – or "nerve center" – is in New York, not California. In contrast to the objective evidence submitted by OANDA, Plaintiff offers no additional proof, aside from his own allegations, that OANDA's principle place of business is in San Francisco. While the burden is on OANDA's to demonstrate diversity jurisdiction, in light of the above, OANDA has sufficiently satisfied this burden.

In sum, the court finds that OANDA is a citizen of Delaware and New York, and Plaintiff is a citizen of California. Diversity jurisdiction therefore exists and Plaintiff's Motion to Remand for lack of subject matter jurisdiction is DENIED.

### B. OANDA's Motion to Transfer Venue

Having found that federal jurisdiction exists, the court now turns to OANDA's Motion to Transfer this action to the United States District Court for the Southern District of New York. See Transfer Mot., Dkt. No. 21. OANDA brings this Motion on the grounds that its Customer Agreement contains a valid and mandatory forum selection clause that designates the Southern District of New York as the exclusive venue for adjudication of this action. Id. at 4-5.

The discussion of a forum selection clause must begin by recognizing the strong judicial policy favoring their enforcement. E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 992 (9th Cir. 2006). The prevailing view is that "such clauses are prima facie valid and should be enforced" unless the opposing party clearly demonstrates that enforcement would be "unreasonable under the circumstances," or that the clause is otherwise "invalid for such reasons as fraud or overreaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972); Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) ("[F]orum selection clauses are presumptively valid" unless the challenging party "clearly show[s] that enforcement would be

11
Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

unreasonable and unjust."); see also Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31, 33 (1988) (explaining that a forum-selection clause "represents the parties' agreement as to the most proper forum" and should be "given controlling weight in all but the most exceptional cases.") (Kennedy, J., concurring).  As a result of this presumption, when parties have contracted in advance to designate a particular forum for the resolution of disputes, "a district court should ordinarily transfer the case to the forum specified in that clause." Atl. Marine, 134 S. Ct. at 581. Consequently, "the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which . . . the clause is unenforceable." Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009).

A dispute over the scope of a particular forum selection clause is resolved through its interpretation.  To that end, proper interpretation of a forum-selection clause requires the court to evaluate the language of the clause under federal law and ascertain the intent of the parties.  See Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988); 11 R. Lord, Williston on Contracts § 30:2 (4th ed. 2015); Polar Shipping, Ltd. v. Oriental Shipping Corp., 680 F.2d 627, 632 (9th Cir. 1982).  This is done by applying the general principles of contract interpretation. See Idaho v. Shoshone-Bannock Tribes, 465 F.3d 1095, 1098 (9th Cir. 2006).

At issue here is the forum-selection clause contained in OANDA's "fxTrade Customer Agreement" (the "Agreement").  Declaration of Natasha Lala ("Lala Decl.") Ex. A, Dkt. No. 21-2. Under the heading "Law and Venue," the Agreement states in bold:

> **Any judicial or administrative action or proceeding arising directly or indirectly under this Agreement or in connection with the transactions contemplated by this Agreement, whether brought by you or by OANDA, shall be held, at the sole discretion of OANDA, within New York County, State of New York exclusively. You hereby consent and submit to, and waive any objections you may have to such venue, and you further agree to waive and forego any right you may have to transfer or change the venue of any action or proceedings encompassed by this Agreement**.

Id. at 14; see also Ex. B, Dkt. No. 21-3 (July 2005 version of the Agreement, stating the same).

Plaintiff opposes transfer, and appears to assert three primary arguments against the

12
Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

enforceability of the forum selection clause in this case, including: (1) that the forum selection clause was in a "contract of adhesion that was not executed by Plaintiff;" (2) that the clause is permissive and not mandatory; and (3) that the claims at issue in this action do not "arise under" the contract containing the clause "because Plaintiff is not suing for breach of that contract." See Pl. Opp. to Transfer Mot., Dkt. No. 28 at 1. These arguments are unpersuasive for the reasons explained briefly below.

### i. The Customer Agreement Applies to Plaintiff

First, Plaintiff challenges the enforceability of the forum selection clause as to him by insinuating that he never entered into a written agreement containing the clause. Dkt. No. 28 at 2-3; see also Declaration of Antonio Medina ("Medina Decl. ¶¶ 3-5). He argues that the exhibits submitted by OANDA in support of its Motion are unsigned versions of the Agreement and thus fail to establish that Plaintiff himself actually executed or agreed to be bound by the terms of the Agreement. Dkt. No. 28 at 2-3.

While Plaintiff is correct that the versions of the Agreement submitted by OANDA do not contain his signature, the evidence demonstrates that Plaintiff would have been required to "click to agree" to the terms of the Agreement in order to open an account with OANDA in 2005. Specifically, OANDA provides a copy of the "fxTrade Customer Agreement" that was in effect as of July 26, 2005 (the "2005 Agreement") as Exhibit B to the Lala Declaration. Dkt. No. 21-3. The first paragraph of the 2005 Agreement provides in bold typeface:

> **IMPORTANT, PLEASE READ CAREFULLY: In order to open and operate an FXTrade account with OANDA Corporation, you (the "Customer") must agree to the terms and conditions of this Customer Agreement (the "Agreement"). Please read this Agreement in its entirety. If you agree to be bound by its terms and conditions, click "I Agree" at the end of this Agreement and continue on with the registration process**.

Dkt. 21-3 at 1. On the last page of the 2005 Agreement, the contract states in bold typeface:

> **If you agree with the terms and conditions of this Customer Agreement, select "I Agree" below. A binding legal contract will be formed between you and OANDA, and you may continue on with the registration process**.

13
Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

Id. at 15.  Below this language there is what appears to be a button that reads "I Agree."  Immediately below this, the contract states in bold typeface:

> **If you DO NOT agree with the terms and conditions of this Customer Agreement, select "I Do Not Agree" below and you will not be permitted to open or maintain an account with OANDA.**

Id.  Another, separate, button reading "I Do Not Agree" is displayed below this language.  Id.

Plaintiff affirmatively states: "In August 2005, I opened a trading account with OANDA."  Medina Decl. ¶ 3.  The 2005 Agreement was in effect at the time Plaintiff opened his trading account.  Lala Decl. ¶ 9 and Ex. B.  The record therefore shows that Plaintiff would have been required "click to agree" to the terms and conditions of the 2005 Agreement in order to have opened his trading account with OANDA.[2]  His argument to the contrary, supported only by his own declaration, is implausible in light of the evidence presented in this case.  Accordingly, Plaintiff is subject to the forum selection clause contained in OANDA's Customer Agreement.[3]

### ii.    The Forum Selection Clause is Mandatory

Next, Plaintiff argues that the forum selection clause at issue is permissive, not mandatory.  Dkt. No. 28 at 3-4.   The language of the clause provides, in relevant part, "Any judicial or administrative action or proceeding…whether brought by you or by OANDA, shall be held, at the sole discretion of OANDA, within New York County, State of New York exclusively."  Dkt. Nos. Dkt. 21-2, 21-3.  Plaintiff contends that "[d]espite the use of the words 'shall' and 'exclusively' a

---

[2] The court also notes that Plaintiff does not expressly deny having executed or "clicked to agree" to a customer agreement when opening his account, notwithstanding his implications to that effect.  Rather, he contends that OANDA "failed to present any evidence" that he signed the Agreement, and asserts that he "did not execute or 'click to agree' to the terms of *the customer agreement in Lala's declaration*."  Dkt. No. 28 at 2; Medina Decl. ¶ 5 (emphasis added).

[3] Under the contract, OANDA also reserves the right to update its Customer Agreement by email, which becomes binding upon receipt. Ex. B, Dkt. 21-3 at 14, ¶ (e).  According to OANDA, Plaintiff received a copy of the most recent Customer Agreement, which was disseminated by email in March 2016.  Lala Decl. ¶ 8.  The language of the forum selection clause is identical in both the 2005 and the 2016 Agreement. Thus, these Agreements can be viewed interchangeably for the purposes of this Motion unless otherwise specified.

14
Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

fair reading of OANDA's clause simply conveys that proceedings arising under the agreements may be held in New York County." Dkt. No. 28 at 4. This position appears to be based on the clause's use of the phrase "*at the sole discretion of OANDA*," which Plaintiff reads as not mandating an exclusive forum, but rather as providing a discretionary option.

This argument is unconvincing. The language of this provision is unambiguous in its designation of an exclusive venue for all judicial or administrative proceedings, which the court finds to be a valid, enforceable, and mandatory forum selection clause. To the extent that the clause provides for any discretion in its application, the discretion is solely OANDA's, and OANDA seeks to enforce the clause here.

### iii. Plaintiff's Claims "Arise Under" or "In Connection With" the Transactions Contemplated by the Agreement

Plaintiff's third argument is that the claims at issue in this action do not "arise under" the contract containing the forum selection clause, and thus the clause is not applicable to his case. See Dkt. No. 28 at 5. Plaintiff explains that "[t]he gist of the Complaint is claims for false advertising and fraud, which have no connection to the agreements." Id. Plaintiff's position seems to be that because he does not allege breach of contract with respect to the Agreement itself, the forum selection clause is inapplicable to his causes of action.

This argument fails for two reasons. First, as a general matter, forum-selection clauses are not meant to be construed so narrowly that they only apply to actions directly related to the enforcement of the contract in which they are included. See Cung Le v. Zuffa, LLC, 108 F. Supp. 3d 768, 776 (N.D. Cal. 2015) (holding that "a restrictive and mechanical interpretation of [a forum selection] clause is inconsistent with the strong judicial preference to enforce a contractual venue"). Rather, a claim may be subject to a forum-selection clause if it tends to implicate issues related to or covered by the contract. See id.; see also Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993) (holding that only "if the substance of [the plaintiff's] claims, stripped of their labels, does not fall within the scope of the clauses," can such clauses be found not to apply).

And second, even if the court were to read the forum selection clause more restrictively,

15
Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

here, Plaintiff's claims are nevertheless encompassed by the broad language of this particular clause. The forum selection clause states that it shall apply to legal proceedings that arise "directly or indirectly under the Agreement," as well those "in connection with the transactions contemplated by this Agreement." Dkt. Nos. 21-2, 21-3. Plaintiff's six causes of action relate to losses he allegedly suffered in connection with the use of his OANDA trading account and/or the OANDA platform. His trading account and use of the OANDA platform is governed by the Agreement. Accordingly, this action arises "in connection with the transactions contemplated by [the] Agreement," making the forum selection clause applicable here.

### iv. Waiver, Unconscionability, Fairness, and Improper Venue

In addition to the arguments addressed above, Plaintiff also raises a number of other issues in an attempt to challenge the applicability of the forum selection clause, all of which lack merit and will be addressed only briefly here. See Dkt. No. 28 at 5-6. First, OANDA did not waive its right to seek transfer when it removed the action to federal court in the Northern District of California. Rather, OANDA followed the proper procedure for removal of civil actions from state court. See 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States *for the district and division within which such action is pending* a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure…") (emphasis added).

Second, finding no reason to conclude that enforcement of the forum selection clause would be unreasonable or unjust in this case, the court rejects Plaintiff's unconscionability, convenience, and fairness arguments. See Murphy, 362 F.3d at 1140 ("[F]orum selection clauses are presumptively valid" unless the challenging party "clearly show[s] that enforcement would be unreasonable and unjust."); Atl. Marine, 134 S. Ct. at 581 (holding that although a court typically must evaluate the convenience of the parties and various public-interest considerations, "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause").

Finally, Plaintiff either misunderstands or misreads the venue provisions of 28 U.S.C. § 1391. Because OANDA's principle place of business is New York, New York, OANDA is

16

Case No.: 5:16-cv-02170-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

deemed to be a resident of New York pursuant to section § 1391(c)(2). Because OANDA is the only remaining defendant to this action, venue is proper in the Southern District of New York pursuant to section § 1391(b). But even if Edmond Eger was still a party to this case, venue would still be appropriate pursuant to section § 1391(b)(3).

## IV. ORDER

Based on the foregoing, the court orders as follows:

1. Plaintiff's Motion to Remand and Request for Costs and Sanctions is DENIED.

2. OANDA's Motion to Transfer is GRANTED. The Clerk shall TRANSFER this case to the United States District Court for the Southern District of New York and close this court's file. All other pending matters are TERMINATED and should be re-filed and re-noticed before the newly assigned district judge.

**IT IS SO ORDERED.**

Dated: March 29, 2017

_____
EDWARD J. DAVILA
United States District Judge